UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THERESA SCHMIDT,

      Plaintiff,

v.

WAL-MART STORES EAST, LP, JANE DOE,

      Defendants,

_____/

Case No.: 5:25-cv-00272-JSM-PRL

**ORDER**

This personal injury diversity action comes before the Court for consideration of Defendant's motion to compel answers to interrogatories, to compel deposition of Plaintiff, and to compel deposition of treating doctor. (Doc. 8).

Local Rule 3.01(g) provides that before filing any motion in a civil case, subject to certain exceptions, the "movant must confer with the opposing party in a good faith effort to resolve the motion." Local Rule 3.01(g)(2) also requires the movant to include a certification under the heading "Local Rule 3.01(g) Certification," meeting certain requirements, and Rule 3.01(g)(3) sets forth specific requirements with which a movant must comply when the opposing party is unavailable.

First, although Defendant's motion describes efforts taken to confer with counsel for Plaintiff, the motion is procedurally deficient in that it fails to contain a certification with the necessary requirements and the necessary information. Defendant's motion also refers to Florida Rule of Civil Procedure 1.380(a), as opposed to the Federal Rules of Civil Procedure.

Further, upon initial review, the Court notes that the issues raised in Defendant's motion are precisely the type which would benefit from a meaningful, good faith conference between counsel. The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996). Further, the term "communicate" has been defined as "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n. 1(M.D. Fla. Aug. 14, 2000). The Court expects counsel to comply with both the letter and spirt of Local Rule 3.01(g).

Accordingly, Defendant's motion to compel (Doc. 8) is due to be denied without prejudice for failure to fully comply with the procedural requirements of Local Rule 3.01(g). If Defendant wishes to renew the motion, it may do so only after it has satisfied both the letter and spirit of Local Rule 3.01(g). Prior to renewing the motion, the parties should make every effort to confer in good faith, including to specifically and meaningfully discuss, either <u>in person</u> or via <u>telephone</u> <u>each</u> and <u>every</u> issue that remains in dispute in an effort to reach a resolution.

Additionally, counsel for Plaintiff is reminded of the obligations under the Federal Rules of Civil Procedure and the Local Rules, and that failure to comply with those obligations may result in sanctions. Further Local Rule 3.01(g)(3) provides that "[t]he purposeful evasion of a communication under this rule can result in a sanction."

**DONE** and **ORDERED** in Ocala, Florida on June 20, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Unrepresented Parties